SEXTON and another vs. PICKETT and others.

PRACTICE: *Notice of judgment, and settlement of bill of exceptions, not affected by stay of proceedings on appeal.*
EQUITY: *Effect of first mortgagee diminishing security of second—Foreclosure —Paramount title claimed—Form of judgment.*

1. Stay of proceedings on appeal from judgment does not prevent *notice* to appellant of the entry of the judgment, from which notice the statutory time for settling a bill of exceptions begins to run.
2. A mortgagee who diminishes the security of a second mortgagee, by releasing the mortgagor's personal liability, if he does not absolutely discharge the premises from the lien of his mortgage, as in the case of a subsequent purchaser, at least subordinates his lien to that of such second mortgagee.
3. Where one defendant in foreclosure sets up title paramount, upon which the court declines to pass, the judgment should save his rights, and should direct the purchaser not to be let into possession as against him, or those claiming under him, being in possession.

APPEAL from the Circuit Court for *Jefferson* County.

Foreclosure of mortgage, made to *Sexton* by the defendants *George W. Austin and wife*, November 10, 1857, to secure the payment of $2,393, due the next day, with interest at ten per cent. until paid. *Almira Pickett and others* were made defendants as having or claiming some interest in or lien upon the land, which interest or lien is alleged to have accrued subsequently to said mortgage.

*Almira Pickett* answered, alleging a prior lien by virtue of a mortgage made to her in June, 1855, by James Austin, to secure a part of the purchase-money of the premises, and that the indebtedness so secured and remaining unpaid was about $1,600. The defendants *Husted* and *Favill* answered, claiming a paramount title to certain parts of the premises, under a tax deed made in 1859, and possession thereunder since April, 1862. The plaintiffs replied by a general denial, and alleged further facts to show that said *Almira Pickett* had discharged James Austin and *George W. Austin* from personal liability for the debt secured by the mortgage to her, and that the tax deed aforesaid was void. The court found the facts at considerable length in eleven distinct paragraphs, and stated its conclusions of law also at length, in five paragraphs; and the defendants *Almira Pickett, Husted* and *Favill* filed an exception, which states that they "hereby except to the finding of the judge, filed in this action, because the evidence is not sufficient to warrant a finding of the facts therein contained, and because the conclusions of law therein contained are erroneous." Among other things, the court found the fact as to the discharge of the personal liability of the Austins to be as alleged, and held that the plaintiffs, as subsequent mortgagees, had a right to redeem the land from the *Pickett* mortgage, and thereupon would have been entitled to be subrogated to all the rights of the first mortgagee, including the right of a personal judgment against the Austins; that, by the discharge of the latter from their personal liability, plaintiffs' security was, therefore, diminished, without their consent, and that, as against them, the lien of the first mortgage was, therefore, discharged. The court further declined to pass upon the validity of said tax deed, "except so far as to determine that it was not purchased with the money of *Almira Pickett*, or by collusion with her, to defeat the plaintiffs' mortgage, and was not for those reasons void in equity

as against the plaintiffs;" the questions whether such deed conveyed a good legal title, and whether *Husted* and *Favill* had held possession under it, being left open and undetermined. And it was ordered that judgment be entered in accordance with these findings. The judgment entered was for a sale of the premises, and the execution of a sheriff's deed upon such sale, for the payment of plaintiffs' debt out of the proceeds, the surplus to be brought into court, etc. ; and for a foreclosure against all the defendants. From this judgment the defendants appealed. The proceedings in this court, and at the circuit, between the date of the appeal and the final decision of the cause here, are sufficiently stated in the opinion.

*Enos & Hall*, for appellants, to the point that the judgment was erroneous as to *Husted* and *Favill*, cited *Roche v. Knight*, 21 Wis. 324 ; *Wicke v. Lake*, id. 410. 2. The notice of judgment, while the appeal was pending in this court, was a nullity, proceedings being stayed. Laws of 1860, ch. 164, §§ 21, 26 ; Laws of 1862, ch. 403 ; *Spaulding v. R. R. Co.*, 11 Wis. 157 ; *Hudson v. Smith*, 9 id. 122 ; *Jones v. Pease*, 21 id. 656. Moreover, the order of this court, dismissing the cause for the purpose of allowing appellants to perfect their bill of exceptions, operated to extend the time for settling the same, if necessary.

*Thorn & Holmes*, for respondents. [No printed brief on the points here decided.]

PAINE, J. In this case, the exceptions in the bill as originally settled not having been sufficient to raise the questions sought to be raised, leave was obtained to withdraw the record for the purpose of applying for an amendment or resettlement before the judge of the circuit court. Such a resettlement was had, and the respondent subsequently moved here to strike out the bill as resettled, for irregularity, on the ground that such resettlement was not had until more than sixty days

after written notice of the judgment. The only answer to the motion was, that, inasmuch as the judgment had been appealed from, and the proceedings stayed, the party could not give notice of the entry of the judgment, so as to set the time limited for settling bills of exceptions to running. We were however of the opinion, that the stay of proceedings only prevented the taking of any steps to execute the judgment, and did not prevent the party from giving such notice of its existence as would be necessary to set running the time limited for taking an appeal or settling bills of exceptions. The bill was therefore stricken out. The case was subsequently argued on the record as it stood without the bill.

The facts, as found by the circuit judge, sustain his conclusions of law. The material question presented was substantially the same as that decided by this court in *Coyle v. Davis and another* (20 Wis. 564), where it was held that a mortgagee, by diminishing the security of a subsequent purchaser of part of the premises, by releasing the mortgagor's personal liability, discharged the lien of the mortgage so far as the rights of such subsequent purchaser were concerned. Here the plaintiffs were subsequent mortgagees, instead of absolute purchasers; but this makes no difference in the application of the principle, though it might in some cases merely give the second mortgagee priority over the first, instead of discharging the premises entirely from the lien of the first, as in the case of an absolute purchaser.

But the judgment does not follow the finding. Some of the defendants set up title under a tax deed, and the validity of this title the court expressly declined to pass upon, but rendered judgment for a foreclosure subject to any rights which might exist under that deed, to be determined by future litigation. The judgment, as entered, takes no notice of this provision in the finding, but is absolute, barring the parties from all right, and ordering the purchaser to be let into possession. It

must be modified so as to conform to the finding, by inserting an exception saving from its operation the rights of the defendants, or any of them, under the tax deed; and, in order fully to protect them in this respect, it should be expressly stated that the purchaser at the foreclosure sale is not to be let into possession as against any one in possession claiming under the tax deed.

*By the Court.* — Ordered that the judgment be so modified, with costs, and the cause remanded.