## JOHNSON *v.* BRATTON.

1. MORTGAGES—ADVANCES—PAROL EVIDENCE.

Though a mortgage, on its face, is for the payment of a specific sum of money to an individual, parol evidence is admissible to show that it was really intended to secure advances to be made from time to time by a firm of which the mortgagee was a member, and that payments by the mortgagor were to be credited on his general indebtedness, and not on the mortgage note.

2. SAME—RELEASE—WANT OF CONSIDERATION.

An instrument executed by the parties to a mortgage, which recites that the mortgagor is indebted to the mortgagee in a specified sum, that he is personally responsible for such indebtedness, and that in consideration of the payment of a part of the debt only, receipt of which is acknowledged, he is released from all personal responsibility, reserving to the mortgagee the right to proceed against the property, is without sufficient consideration, and is therefore ineffectual as a release.

3. SAME—SURETIES.
    The lien of a mortgage is not discharged as to a purchaser of the mortgaged premises by the mortgagee's ineffectual attempt to release the mortgagor.

4. SAME—REMOVAL OF BUILDING FROM MORTGAGED PREMISES.
    A lien created by a mortgage upon a building attached to the freehold in such a way as to make it part of the real estate is not defeated by a removal of the building to other premises.

5. SAME—PRIORITY OF LIENS—FORM OF DECREE.
    In case of the removal of buildings from mortgaged premises to other lands, which are embraced in a later mortgage, the land covered by the prior mortgage should first be sold, and, if enough money is not realized from the sale to pay the mortgage, the buildings should be sold, and from the proceeds the balance of such mortgage be first paid, and the surplus, so far as is necessary, applied to the payment of the later mortgage.

Cross appeals from Alpena; Cobb, J., presiding. Submitted October 9, 1896. Decided April 27, 1897.

Bill by Waldo M. Johnson and Richard O. Wheeler against David Bratton and others to foreclose a mortgage. From the decree rendered, all parties appeal. Modified and affirmed.

*Frank Emerick* (*Levi T. Griffin*, of counsel), for complainants.

*J. D. Turnbull*, for defendants.

MOORE, J. This is a proceeding to foreclose a mortgage dated November 2, 1876, given by David Bratton to complainant Wheeler. The mortgage was in the usual form. It was for $1,500. The proviso was that "if the party of the first part shall pay · * * * to the party of the second part the sum of fifteen hundred dollars six months from the date hereof, according to a promissory note of even date executed by said Bratton to said Wheeler, * * * to which this indenture is collateral security," the note and mortgage were to be void. At

the time the mortgage was given, defendant Slee had a mortgage upon the premises described in the Wheeler mortgage, which was on record. The Wheeler mortgage was put upon record soon after it was given. May 10, 1880, Bratton sold the premises to Sidney Case, and he sold to defendant Lizzie Johnston, April 13, 1881. When the Wheeler mortgage was given, there was a large two-story building on the land described in the mortgage, which constituted the chief value of the property; the value of the lot alone not exceeding $300. After Mrs. Johnston got the property, she moved the building to another piece of ground owned by her. October 17, 1881, Mrs. Johnston gave a mortgage upon the lot to which she had moved the building to one Robinson. After the foreclosure proceedings were commenced, Robinson was made a party.

The bill of complaint avers that, when the Wheeler mortgage was made, the complainants were wholesale grocers in Detroit, and that Bratton was a customer of theirs at Alpena, engaged in the retail trade. It also avers that, at the date of the mortgage, Bratton was indebted to complainants in the sum of about $700; that he also wanted to buy more goods, and that the mortgage, though given to Wheeler, was in fact given for the benefit of both Johnson and Wheeler, and for the purpose of securing the indebtedness to them from Bratton, and also to secure future advances in the way of goods; that complainants were to continue to furnish goods, and that Bratton was to make payments from time to time; that his payments should be credited on his general indebtedness, and not upon the note and mortgage. The bill further avers that complainants did supply Bratton with goods, and that he made payments upon his general indebtedness, but that he never paid the entire amount secured by the mortgage, and that there was due from him, at the time of the filing of the bill of complaint, July 24, 1882, about the sum of $1,082. The bill also sets up

112 MICH.—21.

the various transfers of the property as heretofore stated, and claims that the removal of the building by Mrs. Johnston was done to cheat and defraud the complainants. The bill asks for a decree for the amount due from Bratton, and that not only the land described in the mortgage may be sold to satisfy the decree, but that the building now on the land of Mrs. Johnston may be sold, if the land does not sell for enough to pay the mortgage. It is the claim of Mr. Bratton that the mortgage was given to secure the debt he then owed, and the payment of the goods sold him at the date of the mortgage, and that he did not understand the mortgage to be given for the purpose stated by the complainants. The various defendants appeared in the case, and put in issue the averments of the bill. After this proceeding was commenced, complainants received from defendant Bratton $500, and released him from any personal liability, but reserved the right to pursue their lien on the property. The circuit judge made a decree in favor of the complainants for $776, and for a sale of the premises described in the mortgage, and dismissed the bill as to William Slee and Mr. Robinson. Both parties appeal from the decree.

After the Wheeler mortgage was made, Bratton paid to Johnson and Wheeler between three and four thousand dollars, and they furnished goods amounting in value to quite as much. A great many questions are raised by the record, but, in our view of the case, it is not necessary to discuss them all.

There was no written agreement between complainants and Bratton that the mortgage was given for the benefit of complainants, or that it was given for any other purpose than the one stated in the mortgage and note. When complainants sought to establish the case stated by them in the bill of complaint by parol testimony, objection was made upon the ground that they sought to establish by parol an entirely different contract from the one made by the parties in writing. The general rule is that you cannot import into a written agreement a parol agreement

which alters the terms or legal effect of the written agreement. 1 Jones, Mortg. § 96; *Adair* v. *Adair*, 5 Mich. 210 (71 Am. Dec. 779); *Jones* v. *Phelps*, 5 Mich. 218; *Martin* v. *Hamlin*, 18 Mich. 354 (100 Am. Dec. 181); *Kimball* v. *Myers*, 21 Mich. 276 (4 Am. Rep. 487); *Beers* v. *Beers*, 22 Mich. 42; *Gram* v. *Wasey*, 45 Mich. 223; *Kelsey* v. *Chamberlain*, 47 Mich. 241; *Seckler* v. *Fox*, 51 Mich. 92; *Parkes* v. *Parker*, 57 Mich. 57; *Kulenkamp* v. *Groff*, 71 Mich. 675 (15 Am. St. Rep. 283); *Nichols, Shepard & Co.* v. *Crandall*, 77 Mich. 401; *Rumely & Co.* v. *Emmons*, 85 Mich. 511; *McCray, etc., Cold Storage Co.* v. *Woods*, 99 Mich. 269 (41 Am. St. Rep. 599); *Cohen* v. *Jackoboice*, 101 Mich. 409. An exception to this rule, however, is made in relation to mortgages (17 Am. & Eng. Enc. Law, 454), and parol evidence is admissible to identify the future advances intended to be secured by a mortgage. Though the mortgage, on its face, is for the payment of a specific sum of money, parol evidence is admissible to show that it was really intended to secure future advances made from time to time. 1 Jones, Mortg. § 367*a*; *Shirras* v. *Caig*, 7 Cranch, 34; *McKinster* v. *Babcock*, 26 N. Y. 378; *Wilkerson* v. *Tillman*, 66 Ala. 532. In *Jeffery* v. *Hursh*, 49 Mich. 31, it was held competent to show by admissions that a deed absolute in form was a mere security for a loan. See, also, *Jeffery* v. *Hursh*, 58 Mich. 247. It has been held that—

"In the absence of any specific statement in the mortgage as to the character of the advances, parol evidence may be introduced to prove what advances were intended, * * * and, if the mortgage is made to one of the firm, evidence of the advances made by the firm would be competent; * * * and it is no objection to the evidence that it necessarily proves that the member of the firm took the deed, not in his individual capacity, but as acting for and in behalf of the firm." *Hall* v. *Tay*, 131 Mass. 192.

We think it was not error to allow parol proof of what the facts were about the giving of the mortgage, what debt it was to secure, and for whose benefit it was made.

Complaint is made about the amount found to be due by the trial judge in the decree. It is conceded by the solicitors "that the printed record, and presumably the written record, seem to be somewhat deficient as to statements." The witnesses were not agreed as to how the account secured by the mortgage stood, and we are not satisfied that the decree, in this respect, should be disturbed.

It is the claim of the solicitors for the defendants that when Bratton paid the $500, and was released from personal liability, the effect was to discharge the debt, and with it the mortgage. This would doubtless be true, if the parties intended the $500 to be a payment of the debt, and if the agreement was based upon a sufficient consideration; but the record shows that the parties did not intend to release the debt. The agreement was that the complainants do—

"Release said Bratton from all personal responsibility upon said account so secured by said mortgage, but do not release said debt or discharge said security, and expressly reserve said indebtedness and said security, but agree to look solely to the property covered by said mortgage for the remainder of such indebtedness. Said Bratton agrees, in consideration of said personal release, that said Johnson and Wheeler may retain said indebtedness and security, and may prosecute to a final conclusion said foreclosure suit above mentioned, so commenced by said Richard O. Wheeler against David Bratton, William Slee, Clara Matilda Slee, Lizzie Johnston, and George J. Robinson (but without cost to said Bratton), and, so far as said Bratton is concerned, may subject said property so covered by said mortgage to the payment of the balance of said indebtedness due said Johnson and Wheeler from said Bratton."

It is also urged that the relation of Bratton and a subsequent purchaser of the land is that of principal and surety, and that when the principal is released the surety is released; citing *Coyle* v. *Davis*, 20 Wis. 564; *Sexton* v. *Pickett*, 24 Wis. 346. The record does not show what the consideration for the release of the mortgagor was, in

the last case. In the first of these cases the agreement to release the mortgagor was based upon his agreement to convey the lands to a third person, which agreement he performed. Of course, such an agreement, when executed by one party, would be binding on the other, and would have the effect of releasing the mortgagor. The subsequent purchaser of the land had the right, upon the payment of the mortgage, to be subrogated to the rights of the mortgagee, which would carry with it the right to enforce the debt against the mortgagor if enough was not realized, upon foreclosure, to pay the debt. In the case before us the instrument which it is claimed releases Bratton recites that Bratton is indebted to the complainants in the sum of $1,200, and that he is personally responsible for such indebtedness. Bratton paid $500, which was applied upon that indebtedness. We do not think that was a sufficient consideration to release him from his debt, nor do we think that payment and the agreement signed by the parties released the lien created by the mortgage.

It is said to be error not to subject the building to the lien of the Wheeler mortgage; and counsel cite *Turner* v. *Mebane*, 110 N. C. 413 (28 Am. St. Rep. 697), and *Partridge* v. *Hemenway*, 89 Mich. 454 (28 Am. St. Rep. 322), and we think these cases are in point. The Wheeler mortgage was upon record when Mrs. Johnston obtained title to the land, in 1881. It was her duty to take notice of the lien created by it. We cannot subscribe to the doctrine that a lien created by a mortgage upon buildings attached to the freehold in such a way as to make them part of the real estate can be defeated by removing the buildings to another piece of real estate.

It may be urged that, as Mr. Robinson had no knowledge of the existence of the Wheeler mortgage when he took his mortgage, his mortgage should be a prior lien. We understand the rule to be that when the equities of parties are equal, and neither has the legal title, the prior equity will prevail. *Wing* v. *McDowell*, Walk. Ch. 175;

*Norris* v. *Showerman*, Id. 206. Applying these doctrines to this case, we think the Wheeler mortgage is the prior equity, and must first be satisfied. The proofs show that the land covered by the mortgage and the building removed from that land are valuable enough to pay both mortgages. The land covered by the Wheeler mortgage should first be sold, and, if enough money is not realized from that sale to pay the Wheeler mortgage, the building should then be sold, and from the proceeds the balance of the Wheeler mortgage be first paid, and the surplus, so far as necessary, be applied to the payment of the Robinson mortgage.

The decree of the court below will be modified as here suggested, and affirmed, with costs to the complainants.

The other Justices concurred.