MATTHEWS *v.* FORSLUND.

112    591|
152    ³382|

1. EVIDENCE—IMPLIED ADMISSIONS.
   Statements by one who conducted a mercantile business for his wife, that certain accounts transferred by him to his brother were to be used in paying the wife's creditors, are admissible in evidence as the admissions of the assignee, where they were made to creditors in the assignee's presence and were not contradicted by him.

2. EQUITY—ASSIGNMENT OF ACCOUNTS—PAROL TRUST.
   Parol evidence is admissible in equity to show that an assignment of accounts, though absolute in form, was made upon an understanding that they should be collected by the assignee, and the proceeds held in trust for the assignor's creditors.

3. SAME—REMEDY AT LAW—ADEQUACY.
   A creditor is not precluded from pursuing in equity a fund so held in trust by the fact that he has taken a judgment at law against the debtor, and has attempted to collect the same by garnishment of another fund.

Appeal from Gogebic; Haire, J.   Submitted April 6, 1897.   Decided May 11, 1897.

Bill by John B. Matthews and others against Mathilda Forslund and others to enforce a trust.   From a decree for complainants, defendants appeal.   Modified and affirmed.

*John D. Barry*, for complainants.

*Buck & Waples*, for defendants.

HOOKER, J.   The bill of complaint was filed in this cause for the purpose of enforcing an alleged trust. Charles Forslund had been conducting a grocery and meat business for his wife, Mathilda Forslund, and, a short time before the bill was filed, a written assignment of all accounts owned by Mathilda was made by her to John

Forslund, a brother of Charles, and the accounts delivered. It is claimed by the complainants that this assignment, though absolute in form, was made upon the understanding that the accounts were to be collected by John, and used to pay the debts of Mathilda. It is contended by the defendants:

1. That the evidence fails to show the creation of a trust, and does show that the accounts were assigned in payment of an indebtedness to John.

2. That complainants have an adequate remedy at law, having taken judgment against Mathilda Forslund, which they sought to collect, in whole or in part, by garnishee proceedings.

John Forslund testified to the transaction wherein the assignment was made, and he said that Mathilda was indebted to him to the extent of $500, and assigned the accounts in payment. The books of Mathilda Forslund showed a balance of $565 to John Forslund's credit. The bookkeeper, sworn for complainants, testified on cross-examination that he was present when John's account was made up, and stated to him the amount that was due him. He "heard nothing said between Mathilda and John, when the account was made up by her, to the effect that these accounts would be transferred to pay any debt she was owing him, or about his collecting these accounts to pay the creditors of Mathilda," though he "understood the accounts were turned over to pay the balance due him." On re-direct examination he said that he did not hear the talk between John and Mathilda when the accounts were transferred.

The testimony in support of the bill consisted mainly of statements made by Charles Forslund in the presence of John, to the effect that he had transferred these accounts to John, to be collected and used in the payment of her (Mathilda's) creditors. It is contended that statements of Charles Forslund cannot bind his wife or brother. They appear to have been introduced upon the theory that, not being contradicted by John Forslund, they may be treated

as admissions by him; and we think them admissible for that purpose. The circuit judge has found that these accounts were transferred to John upon an arrangement to apply the proceeds to the payment of Mathilda's creditors, and we think his finding of fact should not be disturbed.

The transfer was evidenced by a formal written assignment, executed by Mathilda Forslund. This contained nothing to indicate that it was not an absolute sale of the accounts, and, if there was any trust, it rested in parol. The circuit judge found that a parol trust was agreed upon, and that, in furtherance of such arrangement, a formal assignment was made to transfer the accounts. This writing was a mere incident of the agreement. It does not constitute the contract, nor is it necessarily the only evidence of the contract. As in the case of a deed, the circumstances under which it was given may be shown, and in either case it is possible for equity to find upon parol evidence that the writing absolute upon its face was given for security or in trust.

The claim that complainants have an adequate remedy at law, because they have taken judgment upon their claims, is not conclusive of their right to pursue the trust fund in equity, and we think there is nothing inconsistent with the present claim in an effort to reach another fund by garnishment.

We are of the opinion that the decree of the circuit court should stand, with a slight modification. Its benefit should not be limited to creditors who have intervened in the cause, but should include such as may hereafter seasonably do so. With this change it will be affirmed, with costs of this court against the defendants personally.

The other Justices concurred.