YORK BUSINESS COLLEGE, Respondent, v. KOST, et al, Appellants.

(221 N. W. 673.)

(File No. 5449. Opinion filed November 9, 1928.)

*French, Orvis & French,* of Yankton, for Appellants.
*Lars A. Bruce,* of Yankton, for Respondent.

MORIARTY, C. The York Business College, a Nebraska corporation, brought this action to recover upon a promissory note, dated July 24, 1920, due October 15, 1921, payable to the plaintiff and alleged to have been executed by the defendants.

The defendants answered separately, both answers being in exactly the same language.

As a first defense each of these answers pleads a general denial. As a "second and further defense" each answer alleges as follows:

The plaintiff is a Nebraska corporation, and prior to July 24, 1920, had not complied with any of the requirements of sections 8902 and 8903 of the Revised Code of 1919 of the state of South

Dakota. Prior to said 24th day of July, 1920, the plaintiff sent a representative into Hutchinson county, S. D., to solocit students to attend an educational institution conducted by the plaintiff corporation at York, Neb., to sell life scholarships in said educational institution, and to take notes in payment for such life scholarships. Said representative sold a life scholarship to a son of the defendant, and the note sued upon was given in part payment therefor.

The plaintiff demurred to these allegations, pleaded as a "second and further defense," on the ground that the facts alleged do not constitute a defense.

This appeal is from an order of the trial court sustaining the demurrer.

The only question presented upon this appeal is whether the failure of the plaintiff corporation to file its charter, articles of incorporation, and appointment of resident agent as provided in sections 8902 and 8903, R. C., renders the note in controversy void and unenforceable.

Section 8902 provides that no foreign corporation "shall transact business or acquire, hold, or dispose of property in this state" until it has complied with the requirements of filing its charter, etc., with the secretary of state.

The appellants contend that the failure of the plaintiff corporation to comply with these provisions renders the notes in controversy void under the provisions of section 8909, R. C.

Said section 8909 provides:

"Every contract made by or on behalf of any foreign corporation, subject to the provisions of this chapter, affecting the personal liability thereof or relating to property within the state, before it shall have complied with the provisions of this chapter, shall be wholly void, on its behalf and on behalf of its assigns."

The respondent contends that the note sued upon neither affects the personal liability of the payee corporation nor relates to property within this state; that, therefore, it does not fall within either of the classes rendered void by the provisions of section 8909, R. C., and that the provisions of said section specifically describing the classes of contracts which shall be void excludes all other contracts.

If section 8909, R. C., were the only section which purports to classify contracts we might be inclined to give serious considera-

tion to respondent's contention, but such is not the fact. Section 8902, R. C., after making the general provisions above quoted, makes this further provision:

"Any foreign corporation, including any bank or trust company, may, in its corporate name and without being licensed to do business in this state, advance and loan money therein, and take, acquire, hold and enforce notes, bonds, mortgages or trust deeds given to represent or secure money so loaned or advanced, or for other lawful consideration, and all such notes, bonds, mortgages or trust deeds which heretofore have been or shall hereafter be taken, acquired or held by any such foreign corporation shall be as valid and enforceable as though it were an individual, * * * provided, however, that any such corporation which shall hereafter transact in this state any such business shall first file with the secretary of state a statement in writing, by its president, secretary, treasurer or general manager, that it constitutes the secretary of state its agent for the service of process as provided in this chapter."

Respondent's demurrer admits the truth of the allegations that it took, within this state, the note sued upon, and that it had not, prior to the taking of said note, complied in any respect with sections 8902 and 8903 of the Revised Code of 1919.

The portion of section 8902 last above quoted provides the manner in which a foreign corporation may proceed to make valid and enforceable the notes which it takes within this state. This provision must be construed to mean that notes taken without so proceeding are not valid or enforceable. Since this is true we are not required to consider in what way, if at all, the note in controversy is affected by section 8909, R. C.

The provisions above quoted were enacted in 1917, and decisions of this court construing the effect of our statutes as they existed prior to that time do not apply to the issues of the instant case.

The learned trial court erred in sustaining respondent's demurrer, and the order appealed from is reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in the result.