## MICHIGAN TRUST CO. v. PIERSON–HOLLOWELL LUMBER CO.

Circuit Court of Appeals, Sixth Circuit.
January 18, 1929.

No. 5083.

John M. Dunham, of Grand Rapids, Mich. (Dunham & Cholette, of Grand Rapids, Mich., on the brief), for appellant.

Alan W. Boyd and Hubert Hickam, both of Indianapolis, Ind. (Noel, Hickam, Boyd & Armstrong, of Indianapolis, Ind., and Knappen, Uhl & Bryant, and Winter N. Snow, all of Grand Rapids, Mich., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge. Appellee sold a car of lumber to the Cabinet Makers' Guild. Arthur H. Konkle, a lumber broker and a director of the Guild, acted for appellee in making the sale. The Guild could not pay the bill when due. It was in need of money to continue its business, and especially to finish a certain cutting of furniture then in process. Konkle agreed to advance to it $6,500, if given security therefor, and also for the claim of appellee. The security was given in the form of a bill of sale. It stated that for valuable considerations the Guild "does hereby bargain and sell to the said Arthur H. Konkle the following property: All and singular the goods, completed furniture, furniture in

process, etc., known as cutting No. 1, a specific inventory of said cutting to be hereafter attached to this bill of sale and made a part hereof." There were covenants to the effect that the first party would warrant and defend the title to the property sold. At the time the Guild held two orders for furniture, aggregating $8,400. It was agreed in the contract that those orders should be filled from the cutting in question and the proceeds therefrom turned over to Konkle, who should reimburse himself for the amounts that he had advanced and "apply the remainder of the funds so coming into his hands upon the lumber account of first party with the Pierson & Hollowell Lumber Company." The Guild was later placed in the hands of the appellant receiver in a suit in equity in the court below, and in proceedings thereafter had appellee's claim, as well as Konkle's, was allowed as a preferred claim against the cutting.

The receiver does not contest the allowance as to Konkle, but does contest it as to appellee, contending that it is merely a third party beneficiary, and cannot avail itself of a contract executed for its benefit. The contention is founded upon Michigan law cases[1] which were decided before the passage of the state Judicature Act of 1915 (Pub. Acts Mich. 1915, No. 314, c. 12, § 2). That act declares that "every action shall be prosecuted in the name of the real party in interest." It seemingly abrogated the common-law rule in Michigan. See Smith v. Oosting, 230 Mich. 1, 203 N. W. 131. Whether it did or did not, it has long been settled in that state that one may enforce in equity a trust executed for his benefit, though he was not a formal party to the agreement. Johnson v. Bratton, 112 Mich. 319, 70 N. W. 1021; Matthews v. Forslund, 112 Mich. 591, 70 N. W. 1105; Olney v. Brown, 163 Mich. 125, 128 N. W. 241. It is also settled there, as elsewhere, that a trust in personal property may be created by parol. Johnson v. Bratton, supra; Cabrera v. American Colonial Bank, 214 U. S. 224, 29 S. Ct. 623, 53 L. Ed. 974. Similarly, parol evidence is held to be admissible to show that a mortgage or bill of sale, absolute in form, was given in trust for the benefit of a third person or for the joint

benefit of the mortgagee and a third person. Matthews and Johnson Cases, supra.

The contract with Konkle is in the form of a bill of sale. If it is to be treated as one, the only thing left to the Guild was the right to fill the two orders and turn over the proceeds to Konkle. That having been done, it had no further interest in the cutting or the proceeds of the orders. On the other hand, if the writing is not to be treated as a bill of sale, it was not the contract, nor, as said in the Matthews Case, "necessarily the only evidence of the contract." That is the basis upon which the receiver must proceed, otherwise it has no standing. It must claim that the writing, though put in the form of a bill of sale, was really given as a security. The evidence showing it is a security shows also that it is security for appellee's claim. It further shows that the entire cutting was included in the security.

Affirmed.