FRIEND & SON, INC., Respondent, v. SCHMIDT, et al, Appellants.

(233 N. W. 913.)

(File No. 7084. Opinion filed December 30, 1930.)

*Bailey & Voorhees* and *Roswell Bottum*, all of Sioux Falls, for Respondent.

*Krause & Krause* and *Ervin P. Van Buren*, all of Dell Rapids, for Appellants.

BROWN, P. J. In the month of November, 1925, defendant Schmidt made an agreement to go into partnership with Olaf J. Hanson in the harness and saddlery business at Luverne, Minn. He agreed to contribute $1,000 to the partnership capital. At Sioux Falls he made a note for $1,000 payable to the order of plaintiff, due November 4, 1927, secured by a mortgage on three lots in the city of Hartford, S. D., and mailed the note and mortgage to plaintiff at St. Paul, Minn. He says this was in consideration for

merchandise to that amount which was to be supplied as his contribution to the partnership, by plaintiff; a corporation doing wholesale harness and saddlery business at St. Paul. Plaintiff claims that the note and mortgage were given for the purpose of guaranteeing payment for any goods which the partnership of Hanson & Schmidt might buy from plaintiff, and shortly after receiving the note and mortgage plaintiff says it mailed a letter to Schmidt acknowledging receipt of the note and mortgage and saying: "This mortgage is given us for the purpose of guaranteeing the account of Hanson & Schmidt of Luverne, Minn., for any goods they might purchase from us. This mortgage will be returned to you upon payment of the account of Hanson & Schmidt in full."

To this Schmidt made no response, and says he never received any such letter. On January 17, 1927, Schmidt sent plaintiff $500 to be applied on the note, and on April 11, 1927, sent another $500, stating that it was to pay the balance of the $1,000 note, and requested the return of the note. Plaintiff received both of these remittances and the letters transmitting them, but made no reply to either of the letters. On November 5, 1927, plaintiff and defendant executed a written agreement for the extension of the time of payment of the note and mortgage from November 4, 1927, to November 4, 1928. The partnership of Hanson & Schmidt became bankrupt, owing plaintiff a little more than $1,000, and plaintiff brought this action to foreclose the mortgage. From findings and judgment in favor of plaintiff and from an order denying a new trial, defendant Schmidt appeals.

It is conceded that plaintiff is a foreign corporation and has not complied with any of the provisions of our statutes relating to foreign corporations. This noncompliance was specially pleaded as a defense, and defendants' answer also set up that the mortgage was given, not to secure any indebtedness of Hanson & Schmidt, but to secure the note for $1,000, for which Schmidt was to get goods to the amount of $1,000 to contribute to the partnership capital, and that the note had been fully paid. It is undisputed that the note was paid in full unless it was given to secure all indebtedness of the firm of Hanson & Schmidt. The evidence on that point was conflicting, and it cannot be said that the finding of the court was against the preponderance of the evidence. Defendant objected to all oral evidence as to the purpose for which

the mortgage was given on the ground that it varied and contradicted the written mortgage. In 22 C. J. p. 1134, § 1515, it is said:

"While it has been laid down as the rule that a mortgage is conclusive as to the debts or obligations intended to be secured thereby, and it is not permissible to add to, vary, control, or contradict the written instrument in this respect by parol evidence, it has also been held, usually upon the ground that the true consideration may always be shown, that, even though a mortgage appears upon its face to be for the payment of a specified sum of money, it may be shown by parol evidence that it was really intended to secure advances to be made from time to time, or a balance due from time to time."

"Though the mortgage, on its face, is for the payment of a specific sum of money, parol evidence is admissible to show that it was really intended to secure future advances made from time to time. I Jones Mortgages § 367 (a)." Johnson v. Bratton, 112 Mich. 319, 70 N. W. 1021. See, also, Everist v. Carter, 202 Iowa, 498, 210 N. W. 559.

Rev. Code 1919, § 8902, provides, in substance, that no foreign corporation "shall transact business or acquire, hold or dispose of property in this state" until it shall have filed in the office of the secretary of state a copy of its articles of incorporation, and section 8909 provides that "every contract made by or on behalf of any foreign corporation, subject to the provisions of this chapter, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this chapter, shall be wholly void, on its behalf and on behalf of its assigns, but shall be enforcible against it or them."

Appellants contend that this case is ruled by the decision in York Business College v. Kost, 53 S. D. 590, 221 N. W. 673. We think, however, there is an obvious distinction between the facts in the present case and those in the Kost Case. In the Kost Case the business college was actually doing business within the state of South Dakota. It was soliciting parties to buy life scholarships, and it took the note in controversy in that action within this state in pursuance of the transaction of such business. It is true that the section of the Code forbidding the transaction of business by foreign corporations was not made the basis of the decision in that case; the decision being based upon the fact that plaintiff within

this state had taken the note sued on without having complied with the foreign corporation law. In the instant case no business was transacted within this state. The goods on account of which the note and mortgage were given were sold at St. Paul to parties in Luverne and shipped to Luverne, Minn. The business transaction was wholly within the state of Minnesota. Neither did plaintiff acquire the note and mortgage in this state. While they were made out in this state, they were mailed and received by plaintiff at St. Paul, Minn. In Schiller Piano Company v. Hyde, 43 S. D. 581, 181 N. W. 196, we said that the execution of notes in this state and the sending of them to Chicago, Ill., where the transaction was concluded, was not the transaction of business by respondent corporation within this state. If this did not constitute the transaction of business, it seems to us that this could only be on the theory that the note was not "taken" by the corporation within this state, and that therefore in the instant case the note and morgage were not taken by the plaintiff corporation until they were received by it at St. Paul. Therefore nothing that was done comes within the provisions of section 8902. Section 8909 only avoids contracts made on behalf of a corporation which is subject to the provisions of the chapter relating to foreign corporations, and the only corporations subject to the provisions of that chapter are foreign corporations which transact business or acquire, hold, or dispose of property in this state. Since as we have seen plaintiff did not come within the provisions of section 8902, the note and mortgage are not avoided by the provisions of section 8909.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J. I concur in the affirmance of the judgment and order appealed from.