### George C. Jones vs. William Phelps and Another.

Where a party brings suit before a justice of the peace, and, in order to make out his case, it becomes necessary to prove the execution of a written instrument to which the justice is the only subscribing witness, the disability of the justice to be sworn is not a sufficient reason for admitting other proof of the execution of the instrument.

Where a chattel mortgage is given by one member of a partnership in his own name, and there is nothing on its face to indicate that it is designed to secure a partnership debt upon partnership property, parol evidence is inadmissible to show that, in fact, it was the mortgage of the partnership, and not the individual mortgage of the person executing it.

The legal effect of a written instrument, perfect in itself, and unambiguous in its terms, can not be changed by parol evidence.

*Heard May 27th and 28th.   Decided June 9th.*

Error to Wayne Circuit.

Action of trover, brought by the defendants in error against the plaintiff in error, before Minot T. Lane, a justice

of the peace, of Detroit, to recover the value of two horses, alleged to have been mortgaged to defendants in error by one Alexander L. Ross, and afterwards sold by Ross to the plaintiff in error, and converted by him.

It appeared in evidence that the horses belonged originally to Ross and one Barry, who were partners under the firm of Ross & Barry; that Ross & Barry were indebted to the defendants in error, and that to secure that debt the mortgage was given; but the mortgage was executed by Ross alone, in his own name, and did not purport to convey partnership property, or to be given to secure the partnership debt; that Barry was in town when the mortgage was given by Ross, and assented to his giving it; and that the firm of Ross & Barry were indebted, when the mortgage was given, for a larger amount than they had assets to pay.

On the trial, the mortgage was produced as evidence for defendants in error, when it appeared that Mr. Lane, the justice, was the sole subscribing witness to it. Ross, the maker of the instrument, was called, and admitted, under objection, as a witness to prove the execution of the mortgage; and he having testified to the making of it by him, it was offered and admitted in evidence.

Objection was also taken to the introduction of the mortgage, on the ground that the horses belonged to Ross & Barry, and Ross' deed did not convey the title or property, but only Ross' interest, by way of estoppel, and that interest was nothing, as the firm was insolvent. This objection was overruled.

On the part of plaintiff in error, it was shown that Ross & Barry were indebted to him at the time of the mortgage to defendants in error, and that the horses had been mortgaged to him by Ross, in the firm-name, but his mortgage was not executed, or filed with the city clerk, till after that of the defendants in error; that afterwards, the horses were turned over to him by Ross, in payment of that debt, without any public sale under his mortgage.

Judgment was rendered, by the justice, against plaintiff in error; which was affirmed by the Circuit Court, on certiorari.

*Towle, Hunt & Newberry*, for plaintiff in error:

1. Ross was improperly admitted as a witness to prove the execution of the mortgage by himself. As a general rule, the subscribing witness must be called for that purpose. The exceptions to this rule do not, in any case, apply. where the disability of the witness was caused by the voluntary agency of the party himself.— 2 *Cow. & Hill's Notes, p.* 1266, *Note* 881.

2. The mortgage, if proved, was inadmissible in evidence, for the reason that it was a mortgage made by Ross alone, in his own name, and purporting to convey his individual property, and could not have the effect to transfer the *joint* property of Ross & Barry.

To maintain this action, plaintiffs must have had a *complete property*, either general or special; and also a right to immediate possession.— 1 *Chit. Pl.* 148.

This is not a question of the right of one partner to mortgage or assign partnership property; nor whether one partner may, with the verbal assent of the other, bind the firm by an instrument under seal. But to do that, the act must be done *in the partnership name*, and *purport* to convey the whole joint interest.— *Story on Part.* § 102; *Tapley vs. Butterfield*, 1 *Metc.* 515; *Andrews vs. Tompkins*, 1 *Brock.* 456; *Deckard vs. Case*, 5 *Watts*, 22; *Mitten vs. Mosher*, 7 *Metc.* 248; *Chit. on Bills*, 11 *Am. Ed.* 57; *McIntyre vs. McLaurin*, 2 *Humph.* 71.

The assent given by Barry can not alter this result. His assent was, it is to be presumed, to the mortgage, *as it was made;* that is, he assented to Ross' making his own individual mortgage.

The sole effect of this mortgage, if it had any effect at all, was to convey the individual interest of Ross. That

interest was only one-half of the property that should be left after paying all the firm debts. By the evidence, it appeared that their debts exceeded the value of all their property; consequently, ,Ross' interest was nothing at all; and the plaintiffs below took nothing.—See 1 *Dev. Eq.* 103; *Bissett on Part.* 45.

*Howard, Bishop & Holbrook,* for defendants in error:

The mode resorted to for proving the mortgage was the proper one under the circumstances. The justice was incapacitated as a witness, because he was the Court, and could not swear himself. We did not create that incapacity. We went before a public officer, authorized to act as a Court, and found his testimony material and unattainable. We acted in the ordinary course of business, and the law created the incapacity, not we.

It is not shown that there was another justice elected and qualified, who could have taken jurisdiction of the case, and error must be shown affirmatively by him who urges it—it will not be presumed.

There are several cases where disqualifications similar in principle to this have been created by the act of the party, and secondary evidence has been admitted from the necessity of the case.—1 *P. Wms.* 287; 1 *Strange,* 34; 2 *Esp.* 697; 2 *East,* 183; 1 *Ired. L.* 97.

2. The mortgage to defendants in error was properly executed by one partner on partnership property, to secure a partnership debt.—7 *Metc.* 248; *Story on Part.* §94.

This is not a suit to wind up a partnership; and, therefore, it makes no difference that Ross & Barry owed more than they had assets to pay. It is an every-day's occurrence that an insolvent partnership prefers and secures one creditor in preference to another.

MANNING J.:

Two questions are presented for our consideration: *First,*

Whether the execution of the chattel mortgage from Ross to Phelps & Staples, the plaintiffs before the justice, was proved so as to admit it in evidence; *Second*, Whether parol evidence was properly admitted by the justice to show the mortgage, which was executed by Ross in his own name, was not his mortgage, but that of the copartnership of Ross & Barry.

Minot T. Lane, the only subscribing witness to the mortgage, was the justice before whom the suit was brought, and it was insisted that this, of itself, was a sufficient reason for not proving the execution of the mortgage by him. We do not think so. The disability of Lane to be sworn as a witness in the cause was the act of the plaintiffs themselves in bringing the case before him. There is no analogy between the present case and those cases in which a witness becomes interested in the subject-matter before suit, and before any litigation is foreseen as likely to occur. Here the disability commences with the litigation, and is occasioned by it. Whether it would be different if the witness was the only person before whom the suit could have been brought, it is not necessary now to decide, as the question is not before us.

The justice also erred in admitting parol evidence to show the mortgage was the mortgage of Ross & Barry, and not the individual mortgage of Ross. There was nothing on its face to warrant the testimony. It did not purport to convey partnership property, or to be given to secure a partnership debt, or to be made for and on account of the firm of Ross & Barry. Without something of the kind appearing on the face of it, to lay a foundation for the parol evidence, it was clearly inadmissible. The legal effect of a written instrument, perfect in itself, and unambiguous in its terms, can not be changed by parol evidence.*

The justice erred on both grounds, and the Circuit Court

*See *Adair vs. Adair*, *ante*, p. 204

in the affirmance of the justice's judgment; and both judgments must be reversed, with costs.

All the Justices concurred.