47 241
71 679

47 241
94 366

47 241
112 323

</div>

## IRA A. KELSEY ET AL. V. LYMAN CHAMBERLAIN.

*Promissory note—Construction—Parol evidence.*

Suit by the heirs of the payee against the maker upon the following paper: "February 18, 1873. For money received I promise to pay Alma A. Chamberlain four hundred and thirty-five dollars out of my estate, if she should outlive me, but if not, to her heirs as she shall direct, without use. [Signed] LYMAN CHAMBERLAIN." *Held,* that in no event was this note payable except after the death of the maker and from his estate.

Parol evidence cannot be received to vary the construction of such an instrument. It must be its own interpreter.

Error to Barry. Submitted Oct. 20. Decided Oct. 27.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*J. A. & W. B. Sweezey* for plaintiffs in error.

*C. G. Holbrook* for defendant in error.

COOLEY, J. The plaintiffs, who are heirs-at-law of Alma A. Chamberlain, deceased, bring suit upon the following

47 MICH.—16

instrument, which was given by defendant to said Alma, and by her indorsed in blank, and as they alleged, delivered to them:

"February 18, 1873. For money received I promise to pay Alma A. Chamberlain four hundred and thirty-five dollars out of my estate, if she should outlive me; but if not, to her heirs as she shall direct without use.

LYMAN CHAMBERLAIN."

The only question made by the record is whether this note was due when the suit was instituted. The defendant insisted that it was only payable out of his estate and after his death; while the plaintiffs claimed that the payment was to be made out of the estate only in case the payee was the survivor, and that if the payee died first, the note was payable immediately to her heirs, as she should direct. The circuit court agreed in the view urged by the defendant; and in this we think no error was committed. The note in any contingency was to be paid out of defendant's estate; but whether to the payee herself or to her heirs would depend upon which of the two was survivor.

The circuit court disposed of the case on demurrer to the declaration. The plaintiffs claim that this was erroneous, since if the case had gone to trial they might have shown the surrounding circumstances to throw light upon the construction of the instrument. But no such evidence would have been admissible. The note is complete in itself, and must be interpreted on inspection. *Sutherland v. Crane* Wal. Ch. 523; *Jones v. Phelps* 5 Mich. 218.

The judgment must be affirmed with costs.

The other Justices concurred.