MAX BAUMANN, ADMINISTRATOR, ETC., v. THE MANISTEE SALT & LUMBER COMPANY.

*Statute of frauds—Promise to pay the debt of another—Bills and notes—Parol evidence.*

1. Where money is loaned upon the credit of the president of a corporation, for which he gives his individual notes, and it is sought to charge the corporation with liability on the ground that it received the money, as shown by certain entries on its books, its liability, if any, is collateral, and its promise must be evidenced in writing, signed by it; citing How. Stat. § 6185; *Ruppe v. Peterson*, 67 Mich. 437.

2. A writing which is relied upon to take the promise out of the statute of frauds must contain all the terms of the contract. Such promise cannot rest partly in parol and partly in writing; citing *Hall v. Soule*, 11 Mich. 494; *Ayres v. Gallup*, 44 Id. 13.

Error to Manistee. (Judkins, J.) Submitted on briefs November 18, 1892. Decided December 23, 1892.

Claim against the estate of an insolvent. Claimant brings error. Affirmed. The facts are stated in the opinion.

*McAlvay & Grant,* for appellant.

*Uhl & Crane,* for appellee, contended:

1. The defendant was not a party to either one of the three promissory notes, and no person is liable as a party to a note whose signature is not upon it; citing Benj. Chal. Bills, art. 71.

2. Parol evidence ·introduced by the plaintiff to show that the defendant, though not a party to the note, was in fact the principal, was incompetent; citing *Sutherland v. Crane,* Walk. Ch. 523; *Jones v. Phelps,* 5 Mich. 218; *Kelsey v. Chamberlain,* 47 Id. 241; *Finan v. Babcock,* 58 Id. 301; *Insurance Co. v. Covell,* 8 Metc. 442; *Fuller v. Hooper,* 3 Gray, 341; *Bass v. O'Brien,* 12 Id. 477; *Williams v. Robbins,* 16 Id. 77; *Slawson v. Loring,* 5 Allen, 340; *Brown v. Parker,* 7 Id. 337; *DeWitt v. Walton,* 9 N. Y. 571; *Brown v. Spofford,* 95 U. S. 474; *Webster v. Wray,* 19 Neb. 558.

3. The liability of the defendant, if any, was collateral to the promise of the maker, and its promise must be in writing, and signed by the defendant; citing How. Stat. § 6185; *Welch v. Marvin,* 36 Mich. 59; *Baker v. Ingersoll,* 39 Id. 158; *Gower v. Stuart,* 40 Id. 747; *Ruppe v. Peterson,* 67 Id. 437.

4. The entries in the defendant's books do not satisfy the statute. The writing must show the whole terms of the contract, and no resort can be had to parol evidence to add to them; citing *Hall v. Soule,* 11 Mich. 494; *Ayres v. Gallup,* 44 Id. 13; *Barry v. Law,* 1 Cranch, C. C. 77.

GRANT, J. Ann McCormick filed a claim against the defendant, which was insolvent, and whose estate was in the hands of receivers. The receivers contested the claim. Two trials were had. Upon the first, Mrs. McCormick was a witness in her own behalf. A new trial was granted, and before the second trial she died. Her testimony was received in evidence upon the second trial. The claim is based upon three promissory notes executed by M. Engelmann to the order of Mrs. McCormick, and aggregating $2,700. The court directed a verdict for the defendant.

At the time these notes were given, Engelmann lived in Manistee, and was reputed to be a man of great wealth. Upon the face of the notes, there is nothing to connect the defendant with them. Engelmann died before two of the notes became due, and his estate proved to be insolvent. Mrs. McCormick presented these notes in the probate court against his estate, and they were allowed. Failing to obtain her money against that estate, she presented

a claim against the company.    Mr. Engelmann was president of the company.

It it apparent from this record that she loaned the money to Mr. Engelmann, and, at the time the loans were made, she did not understand that she was loaning it to the defendant.    It is now sought to make the defendant liable on the ground that the money was received by it, and to show this by certain entries upon its books.    The money, in the first instance, was loaned upon the credit of Mr. Engelmann.    The defendant's liability, if any, was therefore collateral, and its promise must be evidenced in writing, signed by it.    How. Stat. § 6185; *Ruppe v. Peterson*, 67 Mich. 437, and authorities there cited.    A writing which is relied upon to take the promise out of the statute must contain all the terms of the contract.    Such promise cannot rest partly in parol and partly in writing.    *Hall v. Soule*, 11 Mich. 494; *Ayres v. Gallup*, 44 Id. 13.    Under these authorities, the evidence of Mrs. McCormick as to conversations between Mr. Engelmann and herself, or between herself and any other officer of the corporation, for the purpose of connecting the entries upon .defendant's books with the notes, was incompetent.    Her conversation with Engelmann was also incompetent, under 3 How. Stat. § 7545, since he was an officer of the corporation.[1]

Mr. Engelmann was a member of several other firms, and was also engaged in an extensive business of his. own. He borrowed money from the defendant to a large amount, and paid moneys to it from time to time.    An account of these receipts and payments by him was kept upon defendant's books under the head of " M. Engelmann, General."    At his death the amount due the company on this account was $80,000.    An account was also kept on the defendant's books under the head of " M. Englemann." Upon this account were entered his family expenses, and

---

[1] See *Brennan v. Railroad Co.*, 93 Mich. 156.

similar personal items.    Mr. Engelmann also kept a private cash book and journal, upon which were entered up these notes as those for which he was personally liable. The entries under the head of " M. Engelmann, General," which are relied upon by the plaintiff, are as follows:

" M. Engelmann, General.    His note to Mrs. Ann McCormick 2–5, one year, 7 per cent.; taken up his demand note 10th, 2nd, $600; currency from her, first, $400; total, $1,000."

" M. Engelmann, General.    Received from Mrs. Ann McCormick, against his bills payable, No. 579, first, 29, six months, 7 per cent."

" M. Engelmann, General.    Bill payable 799, 7–9, one year from date, Mrs. McCormick, first, $700."

The items received upon these notes appear upon defendant's cash account to the credit of Mr. Engelmann.    These entries do not show that Mr. Engelmann borrowed this money as the agent of the defendant, and for its benefit. The natural inference is that he borrowed it on his own account, and placed it to his credit on the books of defendant, to which he was largely indebted.    The defendant was not, therefore, an undisclosed principal.    As already stated, parol evidence was incompetent to show that the notes were in fact the notes of the company.    *Insurance Co. v. Covell,* 8 Metc. 442; *Fuller v. Hooper,* 3 Gray, 334; *Jones v. Phelps,* 5 Mich. 218; *Kelsey v. Chamberlain,* 47 Id. 241; *Finan v. Babcock,* 58 Id. 301; *Wisconsin, etc., Bank v. Filer,* 83 Id. 496.

There is nothing in the case on which to apply the doctrine of estoppel.    The benefit to the defendant was not received directly from Mrs. McCormick, but from Engelmann, who had loaned the money from her.    By the transaction, defendant became Engelmann's debtor, as to these moneys, and became in no sense her debtor.

Judgment affirmed.

The other Justices concurred.