JOHN S. SHENEBERGER, Administrator, Appellant, v. UNION CENTRAL LIFE INSURANCE COMPANY.

**Agreement Not to Borrow:** PUBLIC POLICY. A provision in a note limiting the privilege to make payment thereof before maturity to money not borrowed in whole or in part elsewhere, is not contrary to public policy or in restraint of trade.

**Review on Appeal:** FINDINGS. Where the record on appeal shows that omission to read a note did not result from inability to read, or any inducement not to read, held out by an agent, the trial court's finding that the maker was advised of the contents thereof when he signed it will not be disturbed.

*Appeal from Lyon District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, OCTOBER 11, 1901.

THE plaintiff's decedent, in 1896, executed to defendant a note of $5,000, payable 10 years from date, and secured it by a mortgage on his farm. In 1899 he obtained a loan on the same land from another, and tendered of the proceeds thereof to the defendant sufficient in amount to satisfy its mortgage. The latter refused payment, and cancellation of such mortgage is sought in this suit. Relief was denied, and plaintiff appeals.—*Affirmed.*

*E. Y. Greenleaf* for appellant.

*Connor & Weaver* for appellee.

LADD, J.—The note, but for certain provisions, might not be paid before its maturity in 1906. These may be set out: "This note is executed upon the condition that partial payments in any amount at any time after one year will be received, and that the interest will be rebated from the date of such payments. This condition is waived, provided the matured indebtedness has not been paid as agreed, the maker's total indebtedness is not being reduced, or provided the money tendered is borrowed in whole or part elsewhere." The appellant contends that the limitation of the privilege to make payment before maturity to money not borrowed in whole or part elsewhere is contrary to public policy, and in restraint of trade. If so, this must be because an interference with trafficking in money, for it in effect merely prevents the borrower from creating a new indebtedness out of which to satisfy the old. But the note without conditions would have accomplished this, and no one will contend that, if so drawn, it would have been invalid. There is no limitation in respect to the source of the money if not paid till maturity. The stipulation relates solely to the exercise of the option to pay after the lapse of one year, and before due. But if a note payable only at the end of 10 years after date is not in restraint of trade

or against public policy,—as is conceded,—upon what theory shall a stipulation permitting payment within that period upon certain specified conditions to be so adjudged? None save that such conditions are to be condemned. But there is nothing objectionable in a pledge to pay only from a special fund or a particular estate, and such a promise will be enforced. *Des Moines County v. Hinkley,* 62 Iowa, 637; *Kelsey v. Chamberlain,* 47 Mich. 241 (10 N. W. Rep. 355). How, then, can it be said that a promise not to pay from certain moneys or properties within a named period is illegal? The nature of the defendant's business would seem to require it to keep the money intrusted to its care invested so as to return a fair income, and, evidently in return for its concession in the way of receiving payment at any time notwithstanding the expense of making the loan, the decedent stipulated to make such payment only from his property and income in reduction of his debt burden, and possibly to pay a somewhat higher rate of interest. Without the limitation the duration of the loan would depend solely on the ability of the borrower to obtain cheaper money. With it the likelihood of its retention depended upon other contingencies; *i. e.* his wish and his ability to pay from his own means. In other words, the parties chose to contract with reference to their situation, as they had the perfect right to do. If the debtor could secure a lower rate of interest by agreeing not to exercise the option of paying before maturity save from money not borrowed, we know of no reason for depriving him of the opportunity. The note would have been valid without the option. It is valid with an option depending on any condition not immoral or opposed to public policy. This was neither. The record is such that we cannot interfere with the finding of the trial judge that decedent was advised of the contents of the note when he signed it. If not read over, the omission did not result from inability to read, or any inducement not to read held out by the agent. *Bonnot Co. v. Newman,* 108 Iowa, 158.—Affirmed.