EUGENE LASHER, Appellee, v. UNION CENTRAL LIFE INSUR-
ANCE COMPANY, Appellant.

Contracts: AGREEMENT NOT TO BORROW MONEY "ELSEWHERE." A pro-
vision in a note limiting the right to make payments thereon
before maturity to money not "borrowed in whole or in part
elsewhere" is valid.

SAME: *Construction.* A condition attached to a provision of a note
which permits the making of partial payments thereon in any
amount at any time before maturity, that the money paid
should not be "borrowed, in whole or in part, elsewhere," ap-
plies to a payment in full before maturity as well as to partial
payments, for the provision giving the right to make payments
and the condition limiting the right are mutually dependent;
and hence the payee cannot be compelled to receive payment in
full before maturity where the maker borrowed a part of the
money tendered as payment.

DEBTOR'S DEFAULT: *Election of creditor to treat debt as due.* A cred-
itor who demands payment of the whole of an indebtedness
which has become due by reason of the default of the debtor in
the treatment of interest, subject to a requirement that the
debtor pay back the interest at once, which is done, does not
elect the treat the indebtedness as due so as thereafter to en-
able the debtor to pay it, contrary to the terms of his obligation.

*Appeal from Hamilton District Court.*—HON. S. M.
WEAVER, Judge.

FRIDAY, DECEMBER 20, 1901.

SUIT in equity to cancel a note and mortgage given by
plaintiff to defendant on the ground that plaintiff had ten-
dered the full amount due thereon before bringing suit. The
defense was that the notes had not matured when tender
was made. The trial court granted the relief asked, and de-
fendant appeals.—*Reversed.*

*Connor & Weaver* for appellant.

*W. J. Covil* for appellee.

DEEMER, J.—From an opinion filed by the trial court we extract the following statement of facts, which are practically agreed to by the respective parties: In the year 1892 the plaintiff obtained a loan of $2,000 from the defendant, giving therefor his promissory note secured by mortgage upon the court by the unnecessary voluminous abstracts note the principal debt was made payable 10 years after date, with interest annually at 7 per cent., subject, however, to a condition expressed in the following words: "This note is executed upon the condition that partial payments in any amount at any time will be received, and that the interest will be rebated from the date of such payments. This condition is waived provided the matured indebtedness has not been paid as agreed, the maker's total indebtedness is not being reduced, or providing the money tendered is borrowed in whole or in part elsewhere." On the 1st day of April, 1899, the plaintiff paid all the interest accrued on said loan to that date, and tendered to the defendant the full amount of the principal, which tender was refused; and this suit is brought, continuing such tender, and demanding a cancellation of the mortgage. It is alleged by defendant in answer, and admitted by plaintiff on the trial, that, of the $2,000 tendered in payment of the note, $1,000 was borrowed by said plaintiff from some person other than the defendant. Under the admitted facts, is plaintiff entitled to maintain this action? It should also be stated that not only did the note, by its terms, become payable 10 years after date, but it recited that coupon notes representing the interest from date to maturity were attached. Attached to the note were 11 coupons, all except the last maturing on the 1st day of April in each year after the making of the note, down to and including April 1, 1902, and the last maturing November 23, 1902. The condition appearing on the face of the note is valid. *Sheneberger v. Insurance Co.,* 114 Iowa, 578. And the only point now presented is the proper construction of this con-

dition.   Plaintiff contends that it does not apply to a payment in full; that he could make that at any time and from any fund, no matter when or how procured; and that, in any event, the waiver referred to in the contract is an independent covenant, not binding on him, or, if binding, that it did not prevent his making full payment at any time he chose. We do not think this a proper construction of the instrument. Primarily, the loan was for 10 years. But for the condition referred to, plaintiff could not insist on defendant's receiving the whole or any part of the loan until the expiration of the full term.     If, then, this condition simply applies to partial payments, he had no right to insist on defendant's taking the money before the maturity of the loan.    If it applies to a payment of the full amount, then the waiver applies to a like amount, for the condition and the so-called waiver are manifestly mutual and dependent covenants.    It will not do to say that the condition as to payment relates to payments, in whole or in part, but that the waiver applies only to partial payments, for this would be a plain perversion of the language used.    The whole condition is waived, provided the matured indebtedness is not paid as agreed, or the maker's total indebtedness is not being reduced, or the money tendered is borrowed, in whole or in part, elsewhere.    Claim is made that, if defendant is paid in full, it can have no possible interest in this matter.    But we do not think this is true.    Defendant was interested, as all investors are, in having its money drawing interest. Long time loans are always to be preferred by judicious money loaners.    To enable the borrower to pay from his accumulated surplus, it inserted the provision on which the plaintiff relies, and, to save its security, provided that payments would only be received on certain conditions.    Manifestly, one of the reasons for the last condition was to prevent the borrower from going to some one else and securing a loan at a lower rate of interest, and with the proceeds paying the notes he had heretofore executed to the lender.    This

was by no means a one sided proposition. Defendant was obliged to let the plaintiff have the money for the full term of 10 years at the rate of 7 per cent. interest, no matter how high the interest rates might become during this period; and plaintiff, on his part, agreed to pay that rate of interest during the full term of the loan unless he could lay by from his own earnings or from the sale of property enough to make partial or complete payments is provided in the note. Having conceded that he borrowed part of the money tendered from some one other than the defendant, he had no right to insist that defendant take it and cancel his obligation. Authorities need not be cited to the point that a condition must be read as a whole, and that the promises, therein contained are mutual and dependent. Each contains the consideration for the other, and they are not independent in terms. See, however, Clark, Contract rule 275. The waiver relates to the whole condition, and, as we have already said, if the condition does not apply to payments in full, the plaintiff had no right to make payment until the note matured according to its terms. If this be not true, then plaintiff had the right to pay the entire loan, the next month after he received it, with money borrowed from some one else who would give him a lower rate of interest than he had contracted to pay defendant. Surely this is not a proper construction of the contract, and it certainly was not the intent of the parties that it should have this construction. Effect must be given all the provisions of the note. The first promise is to keep the money for the full term of 10 years, and pay interest thereon at the rate of 7 per cent. But for the provision to which we have referred, the plaintiff would have no right to insist on the lenders taking the whole or any part of the principal sum until the expiration of the full 10 years. This condition also embodies a provision which we have heretofore held valid, and, unless that provision was also complied with, plaintiff had no right to make payments either partial or full.

II.  One other proposition is argued, and that is that defendant elected to treat the whole amount due on account of plaintiff's failure to pay installments of interest in accordance with a provision of the mortgage, and is now estopped from relying upon the provision of the contract.  This contention is based on some correspondence between the parties, which we here quote:

Clark, the treasurer of the defendant company, wrote plaintiff a letter as follows:

"Mr. Eugene Lasher, Webster, Iowa—Dear Sir:  I am informed that you have failed to pay installment note of $29.25, due March 1, 1897, under your policy, No. A666,467 for $1,950, expiring May 9th, 1900, and indorsed payable to this company in event of loss.  I have just remitted to the Continental Insurance Company, Chicago, Illinois, for the same, and charged amount against your mortgage.  Your failure to pay the same when due violated the conditions of your mortgage, and the entire indebtedness secured thereby becomes due and collectible.  I now demand payment thereof.  I beg to say, however, that I will waive the collection of the indebtedness under above demand if you will remit the $29.25 to this office, with interest, at once. Yours, respectfully, J. R. Clark, Treasurer."

This was on March 16, 1897.  On March 18th of the same year plaintiff remitted the amount called for in Clark's letter, and wrote the company this:

"Webster City, Iowa, March 18th, 1897.  Union Central Insurance Company—Gents:  I inclose draft for $30.77 in payment of installment note due March 1st.... $29 25

Int.  1 52

$30 77"

Defendant did nothing further about the matter except to receive the 1897, 1898, and 1899 installments of interest, which plaintiff remitted in due season.  From this it is perfectly clear that the conditions imposed upon plaintiff were

met, and that defendant did not elect to treat the whole amount due. Our conclusions do not accord with those of the trial court, in that we find there was no such tender as will discharge the notes and mortgages, and no election on the part of defendant to treat the whole amount due because of failure to pay an interest installment. The case is remanded for a decree in harmony with this opinion, or, at defendant's election, it may have such a decree in this court. —REVERSED.