McCASKEY REGISTER CO. *v.* TRUETTNER.

1. STATUTE OF FRAUDS — SALES OF GOODS — CONTRACTS WITHIN STATUTE.
  Any essential part of a contract for the sale of goods of the value of over $50 resting in parol renders it void under the statute of frauds.

2. SALES—CONTRACT—ORAL REPRESENTATIONS—MERGER IN WRITING.
  An agent solicited an order for goods of defendant, but defendant declined to buy, stating that if he afterwards concluded to order he would send direct to the principal.   Subsequently he sent a telegram to the principal accepting the agent's offer and alluding to a letter to follow, which he sent, containing all the essential terms of a contract.   *Held,* that oral representations of the agent, not incorporated in the letter, were not binding on the principal.

Error to Gogebic; Cooper, J.   Submitted June 7, 1907.
(Docket No. 48.)   Decided July 13, 1907.

Assumpsit by the McCaskey Register Company against
Louis H. Truettner for goods sold and delivered.   There
was judgment for defendant, and plaintiff brings error.
Reversed, and judgment entered for plaintiff.

This is an action of assumpsit, tried before the court
without a jury.   Plaintiff's declaration and claim are
based upon the following telegram and letter:

"BESSEMER, MICH. Aug. 30.
"McCASKEY REGISTER CO.,
            " Alliance, Ohio:
  " Accept offer of your agent for short account system.
Letter follows.
                    "L. H. TRUETTNER."

"BESSEMER, MICH. 9–2–'05.
"McCASKEY REGISTER CO.,
            " Alliance, Ohio:
  " Gentlemen:   This letter confirms message sent you
8–30–'05, accepting offer made by your agent for one of
your short account systems and cabinet which holds 640
books, price complete $135.   You may ship same along at
once.
            " Yours respectfully,
                "L. H. TRUETTNER, H. O."

The machine was shipped, was received, put in opera-
tion, claimed to work unsatisfactorily, and reshipped by
the defendant to the plaintiff.   Plaintiff refused to ac-
cept it, claiming an absolute sale and completed contract.
With his plea of the general issue defendant gave notice
that the contract of sale, if any was made, was oral;
that the value of the goods exceeded $50; and that the
contract therefore was void under the statute of frauds.
One McLeod was the agent of the plaintiff.   He on August
24th solicited an order from the defendant.   No order
was given.   McLeod testified that he showed defendant
a sample and made a proposition of different sizes at dif-

ferent prices, one of which was $135; that he also proposed, that if defendant would turn in the system he was then using, he would receive 400 of its pads in exchange, or he could have 5 per cent. off for cash, and that the company, if he sent the order, would guarantee to keep the register in good condition for two years. Defendant refused to purchase, but said that if he wanted one he would send his order to the factory. Defendant and his clerk testified that Mr. McLeod represented the machine to be better than the one defendant was then using, and that McLeod offered to allow $10 in cash for defendant's old system. The circuit judge found that the telegram and letter did not of themselves constitute a binding contract, but were based on the offer of McLeod, made August 24th, and that such offer was a part and parcel of the contract, and that the plaintiff committed a breach of its contract in refusing to accept $125 and the old system, and therefore could not recover.

*Belmont Waples*, for appellant.

*Herb. M. Norris*, for appellee.

Grant, J. (*after stating the facts*). Both parties agree that no contract was made on August 24th. There is also no evidence tending to show that the statement made by the plaintiff's agent was intended by either the agent or the defendant as a standing offer for the defendant to accept at some time in the future suited to his convenience. The defendant testified that he expressly refused to buy of the agent, and told him if he concluded to take one he could buy it later. The agent testified that defendant said if he concluded to buy he would send his order to the factory. Under the defendant's own testimony, he had no reason to suppose that the agent would write his principal of his rejected proposals, or that plaintiff knew anything of the terms which the agent had offered.

It was clearly understood that negotiations for the pur-

chase of a machine from the agent ended, and that if the defendant should conclude afterwards to order a machine he would deal directly with the plaintiff. The price of the machine which he ordered by a telegram and followed by his letter was to be advanced on the 1st of September to $175. The defendant knew this, and therefore ordered the machine so as to save the advance. The letter contained all the essential terms of a contract: "Price, $135.00. You may ship at once." Plaintiff would naturally infer that the defendant had been informed of the proposed advance in the price, and that he desired to take advantage of the old price, and therefore stated the terms of the agent's offer, viz., $135.

Under defendant's contention, essential parts of the contract as claimed by him rested in parol, and would render the contract void under the statute of frauds. *Hall* v. *Soule*, 11 Mich. 494; *Palmer* v. *Mill Co.*, 32 Mich. 274; *Webster* v. *Brown*, 67 Mich. 328; *Baumann* v. *Lumber Co.*, 94 Mich. 363.

No standing offer having been left by the agent with the defendant, the defendant could not incorporate the oral representations or proposals of the agent in a subsequent written order to the principal, and make them binding upon it, without specifying what the representations or proposals were. Plaintiff was justified in assuming that he was making a sale of a machine for $135 in cash, and that those were the agent's representations referred to in his written proposal. We think the court erred in his findings.

Judgment reversed, and judgment entered in this court for plaintiff, with the costs of both courts.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.